J. Randolph Pickett, OSB #721974
randy@pdw.legal
Mayra A. Ledesma, OSB #183942
mayra@pdw.legal
Samantha N. Stanfill, OSB #234143
samantha@pdw.legal
Juliana B. Minn, OSB #195746
juliana@pdw.legal
Hannah J. Shilling, OSB #234095
hannah@pdw.legal
**PICKETT DUMMIGAN WEINGART** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
Telephone: (503) 226-3628
Facsimile: (503) 227-2530

of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DALE BORGE**, a Resident of Oregon, <br><br> Plaintiff, <br><br> v. <br><br> **PENSKE CORPORATION**, a Foreign Corporation; **PENSKE AUTOMOTIVE GROUP, INC.**, a Foreign Corporation; **PENSKE TRUCK LEASING CORPORATION**, a Foreign Corporation; **PENSKE TRUCK LEASING CO., L.P.**, a Foreign Limited Partnership; **HOME DEPOT U.S.A., INC.** dba **THE HOME DEPOT**, a Foreign Corporation; **DOUGLAS BLACKLEY**, a Resident of Pennsylvania; and **KING BIGGS SHIPPING, LLC**, a Foreign Limited Liability Company, <br><br> Defendants. | Case No.  3:26-cv-00536-YY <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I.   INTRODUCTION

Plaintiff Dale Borge ("BORGE" or "PLAINTIFF") filed his Complaint in Multnomah County Circuit Court on February 20, 2026, setting forth claims against defendant Home Depot U.S.A., Inc., *dba* The Home Depot ("HOME DEPOT") and others for their role in causing plaintiff's injuries on February 23, 2024. Defendants Penske Corporation, Penske Automotive Group, Inc., Penske Truck Leasing Corporation, and Penske Truck Leasing Co., L.P. (collectively "PENSKE DEFENDANTS") filed a notice of removal based on diversity jurisdiction on March 19, 2026 (Notice of Removal, ECF #1). Defendant Home Depot then filed a Motion to Dismiss based on Federal Rule of Civil Procedure (Fed.R.Civ.P.) 12(b)(2) (Home Depot's Motion to Dismiss, ECF #9).

Home Depot's central argument is that this court lacks personal jurisdiction over it because its "only alleged conduct pertaining to this incident occurred in Texas, not Oregon." (Home Depot's Motion to Dismiss, ECF #9, at 3). That argument, however, misunderstands controlling principles of personal jurisdiction jurisprudence. Accordingly, plaintiff opposes moving defendant's motion in its entirety because there is sufficient evidence to make a prima facie showing that this court has personal jurisdiction over Home Depot. Plaintiff relies on the following Summary of Facts and Points and Authorities to support his case, together with the Declaration of J. Randolph Pickett, one of plaintiff's attorneys, filed herewith, as well as the following additional documents attached thereto:

| | |
|---|---|
| Exhibit 1 | True and accurate copies of a press release on the Penske defendants' website, titled "Penske and The Home Depot Expand Truck Rental Pilot Program," dated April 1, 2011, accessed April 1, 2026; |
| Exhibit 2 | True and accurate copies of the Truck Rental page of defendant Home Depot's website, accessed April 2, 2026; |
| Exhibit 3 | True and accurate copy of the "Military Moving" page of defendant Home Depot's website, accessed April 9, 2026; |
| Exhibit 4 | True and accurate copy of the "Tool and Truck Rental at the E Portland Mall Home Depot in Portland, Oregon" page of defendant Home Depot's website, accessed April 9, 2026. |

## II. SUMMARY OF FACTS

On the night of February 23, 2024, plaintiff was injured after the vehicle he was traveling in collided with the Penske truck operated by defendant Douglas Blackley("BLACKLEY") ECF #1, p. 10 of 22, Compl., ¶ 2–4. Prior to the collision, plaintiff had been driving southbound on US-20 on or near milepost 259. *Id.* at ¶ 2. At the same time, defendant Blackley began reversing the Penske truck from a driveway and into into plaintiff's lane of travel. *Id.* at ¶ 4. The Penske truck was not equipped with additional lighting or other safety devices that could warn other drivers when the truck was in reverse. *Id.* Unable to stop in time, plaintiff's vehicle collided with the rear end of the Penske truck. *Id.* As a result of the collision and the lack of an underride guard on the Penske truck, plaintiff's vehicle was smashed underneath the truck and plaintiff was trapped inside the vehicle. *Id.* at ¶ 5. First responders were only able to extricate plaintiff from his vehicle after removing both the driver's side and passenger doors and the roof. *Id.*

At the time of the collision, Blackley was operating a rented Penske truck. *Id.* at ¶ 1(l-m). The Penske defendants and Home Depot operate under a mutually beneficial agreement to provide Penske rentals, through which the companies "hope to offer do-it-yourself (DIY) consumers something truly unique—convenient locations for truck rentals and all the related home products they'll need before, during and after their moves." *See* Declaration of J. Randolph Pickett, Ex. 1, Penske and The Home Depot Truck Rental Program Announcement. Although the Penske truck in this case was not returned to a Home Depot in Oregon, Home Depot does provide Penske rental services at its stores in this state. ECF #1, p. 9 of 22, ¶ 1(k). Home Depot publicly advertises those rental services and allows customers to reserve a Penske truck via the company's website or in its physical stores. Ex. 2, Home Depot Truck Rentals. Home Depot's rental services are responsible for reviewing a customer's rental qualifications, insurance coverage, and even provides "essential safety tips" to its customers. *Id.*

## III. POINTS AND AUTHORITIES

### A.    Motion to dismiss standard of review.

Defendant Home Depot's Motion to Dismiss is based upon Fed.R.Civ.P. 12(b)(2), which provides that a motion can be brought to dismiss the action based on lack of personal jurisdiction. Plaintiff bears the burden of showing that jurisdiction is proper. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017). Plaintiff may meet that burden by making a *prima facie* showing of jurisdictional facts. *Id.* (citing to *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Although plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Marvix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1123 (9th Cir. 2011). If defendant contradicts an allegation via affidavit and plaintiff produces evidence that creates a factual dispute on that issue, then this court must resolve the factual dispute in plaintiff's favor. *Id.*

### B.    Relevant principles of personal jurisdiction.

In Oregon, federal due process principles determine whether a court may assert personal jurisdiction over a defendant. Plaintiff agrees with defendant Home Depot that because Oregon's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. For a court to exercise personal jurisdiction over a nonresident defendant such as Home Depot, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

To determine whether personal jurisdiction lies, a court assesses the nature and extent of "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017). When a defendant, like Home Depot, is not at home in the forum state, a court has specific jurisdiction over that defendant if there is a sufficient relationship between the defendant, the forum, and the litigation. Put differently, specific jurisdiction arises in a given case if that case "arises out of or relates to" the defendant's contacts with the forum. *Id.* When a company "exercises the privilege of conducting activities within a state—thus enjoy[ing] the benefits of protection of [its] laws—the State may hold the company to account for related misconduct." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 360, 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021) (quoting *International Shoe*, 326 U.S. at 297) (internal quotation marks omitted).

In *Ford Motor Co.*, the Supreme Court of the United States held that the personal availment requirement for specific jurisdiction does not require a plaintiff show that the defendant's forum contacts gave rise to the plaintiff's specific claim(s) for relief. 592 U.S. at 354. In that case, the Court considered whether a state court could assert personal jurisdiction over Ford in a products-liability suit stemming from a car collision that was brought in the state where the incident occurred, the victim was one of the state's residents, and Ford did substantial business advertising, selling, and servicing the model of vehicle involved in the crash. *Id.* Ford challenged the assertion of personal jurisdiction, arguing that the state court "had jurisdiction only if the company's conduct in the State had given rise to the plaintiff's claims." *Id.* at 356. In a unanimous decision, the Court rejected Ford's argument, reasoning that the requirement that a suit must "arise out of *or* relate to" (emphasis supplied) a defendant's contacts does not require such a strict causal relationship because the phrase "relates to" "contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 357.

The *Ford* Court explained that under longstanding caselaw, a company that purposefully cultivates a market in a state has clear notice of its exposure in that state to suits arising from local injuries related to that market. *See id.* at 364–65. The Court then detailed Ford's extensive voluntary contacts with the forum state, noting that Ford advertised to the state's residents, sold its cars at dealerships within the state, and fostered ongoing connections to residents of the forum to maintain the company's customer base. *Id.* Based on those extensive contacts combined with the fact that the plaintiffs were residents of the forum state and had suffered injuries in that state, the Court held that the relationship among the defendant, the forum[s], and the litigation was close enough to support specific jurisdiction. *Id.* at 370-721.

**C.    This court has personal jurisdiction over defendant Home Depot.**

The Supreme Court's decision in *Ford* squarely supports the assertion of specific jurisdiction over Home Depot in this case. Defendant Home Depot does not and cannot contest plaintiff's allegations that the company conducts widespread business activities, including the rental of Penske trucks, in Oregon. Because Home Depot has deliberately cultivated a rental market for Penske trucks in Oregon, it is not unreasonable for Home Depot to be subject to suit in Oregon based on harms arising out of the rental of a Penske truck from another. This court may properly assert specific jurisdiction because those forum contacts, combined with the fact that plaintiff is a resident of Oregon and was injured in Oregon, show that there is a sufficient relationship between the defendant, the forum, and the litigation.

## V.  CONCLUSION

For the reasons stated above, defendant Home Depot's Motion to Dismiss should be denied in its entirety. If the court finds plaintiff's allegations lacking in any respect, plaintiff respectfully requests that this court grant plaintiff leave to amend.

Respectfully submitted this 9th day of April, 2026.

J. Randolph Pickett, OSB #721974
Mayra A. Ledesma, OSB #183942
Samantha N. Stanfill, OSB #234143
Juliana B. Minn, OSB #195746
Hannah J. Shilling, OSB #234095
PICKETT DUMMIGAN WEINGART LLP

of Attorneys for Plaintiff